UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCISCO DEGUZMAN, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-04-cv-2064 (JCH) |
| MARY JO KRAMER, DARIEN BOARD | : | |
| OF EDUCATION, DARIEN SCHOOL | : | |
| DISTRICT a/k/a DARIEN PUBLIC | : | |
| SCHOOLS, and TOWN OF DARIEN, | : | |
|     Defendants. | : | AUGUST 22, 2005 |

**RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS [DOC. NO. 15]**

The plaintiff, Francisco Deguzman, filed a fourteen-count complaint on December 3, 2004 against the defendants, his former employer. Deguzman claims that the defendants' discharge of him violates both state and federal law. Deguzman withdrew the state law claims in counts one, two, and three and withdrew counts four, five, six, twelve, thirteen and fourteen, in their entirety, on February 28, 2005. The court need only consider, therefore, whether Deguzman's claims for negligent supervision or retention (counts seven, nine, ten and eleven) and pursuant to Connecticut General Statute § 7-465 (count eight) state a claim upon which relief can be granted. The defendants have not moved to dismiss the federal law claims in counts one, two, and three.

### I.    FACTUAL BACKGROUND

We consider the facts as alleged by the plaintiff in his complaint and draw all factual inferences in his favor. The defendants employed Deguzman as a building custodian for seventeen years. His normal work hours were 11:00 a.m. to 7:30 p.m.

1

Deguzman is a Deacon at the Church of Christ in Bristol, Connecticut. His religious duties require him to be in his chapel at 7:00 p.m. every Tuesday evening, one hour prior to services. The commute from Darien to Bristol is nearly two hours long. In order to accommodate his need to be in Bristol at 7:00 p.m. on Tuesdays, prior to 2003, Deguzman was permitted to begin work at 6:00 a.m. on Tuesdays so that he could leave at approximately 4:00 p.m. and fulfill his obligations to his church.

In October 2003, the newly-appointed Director of Facilities and Construction for the Darien School District, Paul T. Engemann, changed Deguzman's schedule and required him to work on Tuesdays until 7:30 p.m. Deguzman requested that the accommodation for his religious obligations be continued. He directed such requests to Engemann and defendant Mary Jo Kramer, Superintendent of the Darien School District. After his requests were denied, Deguzman chose to attend services as required by his church on Tuesday, December 23, 2003. On that day, Deguzman worked over eight hours and left at 4:00 p.m. The following day Engemann discharged Deguzman.

## II.   DISCUSSION

### A.   Introduction

Arguing that a violation of Title VII cannot serve as an underlying wrong in a claim for negligent supervision or retention, defendants have moved for dismissal of counts seven, nine, ten and eleven under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Arguing that Deguzman's claim pursuant to Connecticut General Statute

§7-465 is predicated on his claim for negligent supervision or retention, the defendants move for dismissal of count nine under Rule 12(b)(6).

### B. Standard of Review.

A Rule 12(b)(6) motion to dismiss tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). As a result, such a motion may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

### C. Negligent Supervision or Retention

"Under Connecticut law, an employer may be held liable for the negligent supervision of employees." Seguro v. Cummiskey, 82 Conn. App. 186, 191 (2004). This cause of action "extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform

the services of employment." Shore v. Stonington, 187 Conn. 147, 155 (1982). In order to succeed on a claim for negligent supervision, "[a] plaintiff must plead and prove that she suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise." Roberts v. Circuit-Wise, Inc., 142 F. Supp. 2d 211, 214 (D. Conn. 2001). Deguzman asserts negligent supervision claims against Kramer (count seven), the Town of Darien (count nine), Darien Public Schools (count ten), and the Darien Board of Education (count eleven). The defendants claim that a violation of Title VII cannot serve as the underlying injury in a claim for negligent supervision.

     While no Connecticut case appears to spell out the elements of a claim for negligent supervision, it appears that such a claim must allege an injury in tort. "A defendant does not owe a duty of care to protect a plaintiff from another employee's tortious acts unless the defendant knew or reasonably should have known of the employee's propensity to engage in that type of conduct." Abate v. Circuit-Wise, Inc., 130 F. Supp. 2d 341, 344 (D. Conn. 2001) (emphasis added); see also Gutierrez v. Thorne, 13 Conn. App. 493, 499-500 (1988). Indeed, in order to determine whether a defendant is liable for negligent supervision, courts look to whether a plaintiff can prove the four elements of a standard claim for negligence. See Seguro, 82 Conn. App. at 192. For this court to allow a violation of Title VII to satisfy the injury prong of that test would be to create a cause of action under state law with no indication from either the Connecticut legislature or courts that such a cause of action is appropriate. See McLean v. Patten Communities, Inc., 332 F.3d 714, 719 (4th Cir. 2003) (concluding that

Title VII plaintiffs maintain an action for negligent supervision based solely on a claimed injury of harassment or retaliation, neither of which is a common law tort).  A plaintiff is not proscribed from bringing both Title VII and common law claims.  Facts giving rise to a claim under Title VII may, and often do, also give rise to a common law tort claim.  A plaintiff may claim, for example, that an employer's behavior, in addition to violating Title VII, amounted to negligent infliction of emotional distress, assault or any number of other claims recognized in the common law.  In this case, however, Deguzman has withdrawn all of his claims sounding in tort, other than those for negligent supervision.  Deguzman having alleged no injury in tort, and his negligent supervision claims not sounding in tort, his claims for negligent supervision must be dismissed.

### D.     Connecticut General Statute § 7-465

Connecticut General Statute § 7-465 makes municipalities liable for "all sums which [a municipal] employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property."  The only claim not withdrawn that is made against an individual defendant is count seven.  The defendants argue, and Deguzman does not dispute, that this claim must fail if count seven fails.  As count seven has been dismissed, count nine is also dismissed.

### III.    CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss counts seven, eight, nine, ten, and eleven is GRANTED.  The plaintiff may, within 30 days, replead his claim for negligent supervision.

**SO ORDERED**

    Dated at Bridgeport, Connecticut this 22nd day of August, 2005.


                                   /s/ Janet C. Hall
                                   Janet C. Hall
                                   United States District Judge